Williams, J.
 

 There was no showing that the service given by The Loekland Subdivisions Bus Company, which has been serving the same territory for approximately twelve years, was inadequate and theréfore no necessity for allowing not less than 60 days to improve the service. In reality there are only two questions presented by the record. First, does public convenience and necessity warrant the amendment; and second, is the restriction imposed sufficient to substantially protect the certificate of The Loekland Subdivisions Bus Company?
 

 Upon the question of public convenience and necessity the record shows a rather unusual state of affairs. According to the map and uncontradicted statements in the record the Valley Bus Company’s main line connects by transfer with its line in question at the corner of Wyoming street and Springfield pike in Wyoming, which has a population of more than 4,500, and proceeds east into Loekland, a distance of perhaps a mile or so. Part of the passengers carried by the Valley Bus Company are passengers coming from Glendale and Woodlawn bound for Loekland who transfer at the junction of the two roads in Wyoming. The number of passengers carried over the part of the route sought to be abandoned is so small as to render the
 
 *364
 
 continuance of the line almost useless in view of the fact that the Ohio Bus Company operates over the same streets and highway between Wyoming street and G-lendale-Milford road and carries most of the passengers traveling along that route. Thus it appears that the bus facilities of Wyoming will not be impaired by the abandonment. In fact the Valley Bus Company has been operating the part of the line sought to be abandoned, at a loss for some time. In view of these facts it is plain that the service to the traveling public will not be impaired by the abandonment, and the order of the commission denying the protest of the village of Wyoming cannot properly be disturbed by this court.
 

 With respect to the sufficiency of the restriction, the controlling facts may be stated simply. Woodlawn is an incorporated village. In Woodlawn and vicinity there is a population of approximately 1,200. The retail trading center for much of the inhabited area thereabouts is the village of Lockland which has a business section with banking facilities, retail stores and factories and a population of about 5,600. The area between Woodlawn and Lockland to the east of Anthony Wayne avenue is called Lincoln Heights. This area is not incorporated; close at hand is a large housing improvement containing something like 350 units. Under the restriction all this area would be served by The Lockland Subdivisions Bus Company. The Valley Bus Company would continue to carry passengers between Woodlawn t and Lockland as before but no passengers could be received south of Linden avenue which, according to the record, is the next street north of Marion avenue in Woodlawn and the only street between Marion avenue and G-lendale-Milford road— the northern boundary line of the Woodlawn area'. The Lockland Subdivisions Bus Company carries passengers at five cents a ride and Valley Bus Company
 
 *365
 
 at ten cents. It would seem that by the amendment the-traffic of Valley Bus Company between Woodlawn and Lockland would be increased somewhat over what it was before because the running time would be shorter,, and there would be no stops between Linden avenue in Woodlawn and the incorporated limits of Lockland. But it may be assumed that the increase will be slight because passengers in Woodlawn would have to go-north as far as Linden avenue to take the bus.
 

 Counsel for the utilities commission insist that under the evidence the effect upon the number of passengers carried by The Lockland Subdivisions Bus Company would be so trifling as to be
 
 cle minimis.
 
 It is not possible, however, to forecast with accuracy how much the business of the existing utility would be decreased by the amendment. Roberta Minnes, president of The Lockland Subdivisions Bus Company, testified that the business of her company would be affected not much but to some extent if Valley Bus Company should not be permitted to pick up and discharge passengers between Marion avenue and Lockland, and that even with such a restriction encroachments on the business of her company would increase. Then it is a matter of some weight that Ihe Valley Bus Company carries passengers now between Woodlawn and Lockland via Wyoming.
 

 After all it is a matter within the discretion of the commission whether the restriction substantially safeguards The Lockland Subdivisions Bus Company in the enjoyment of its certificate. However, this court will not substitute its judgment for that of the com-mission and will not disturb an order when it is reasonable and lawful. Apparently the commission deemed that any decrease in existing carriage between Woodlawn and Lockland as a result of the amendment would be so slight that-the law would not take notice of it and that the restriction imposed substantially
 
 *366
 
 protected the rights of The Lockland Subdivisions Bus Company. As we reach the conclusion that the order of the commission was neither unreasonable nor unlawful it must be affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Turner, JJ., concur.